FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

LAW OFFICE OF JACOB T. FOGEL, PC
JACOB T. FOGEL (2827178)
32 Court Street, Suite # 602
Brooklyn, New York 11201
Telephone: 718/221-5552
Facsimile: 718/228-0278

Attorneys for Plaintiff

FILED Paoil

2009 JUL 14 P 3: 37

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONGREGATION BETH AARON, Derivatively on Behalf of Yahoo! Inc., <br><br> Plaintiff, <br><br> v. <br><br> JERRY YANG, RON BURKLE, ROBERT KOTICK, GARY WILSON, MAGGIE WILDEROTTER, ROY BOSTOCK, ERIC HIPPEAU, ARTHUR R. KERN, EDWARD KOZEL, and VYOMESH JOSHI <br><br> Defendants, <br><br> YAHOO! INC. <br><br> Nominal Defendant. | CASE NO. 5:08-CV-05438-RMW <br><br> DERIVATIVE ACTION <br><br> **NOTICE OF APPEAL OF PLAINTIFF CONGREGATION BETH AARON** <br><br><br><br><br><br><br> JUDGE: The Hon. Ronald M. Whyte |

1    TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

2        NOTICE IS HEREBY GIVEN that Plaintiff Congregation Beth Aaron hereby appeals to

3    the United States Court of Appeals for the Ninth Circuit from a Judgment [Doc. #41] entered in

4    this proceeding on the 15th day of June, 2009, and the Order Granting Motion To Dismiss

5    [Doc. # 40], docketed on June 15, 2009. A true and correct copy of the Judgment and Order are

6    attached hereto as Exhibits A and B, respectively. A true and correct copy of the Representation

7    Statement is attached hereto as Exhibit C.

8    DATED: July 1st, 2009

                                  WOLF HALDENSTEIN ADLER
9                                     FREEMAN & HERZ LLP
                                  FRANCIS M. GREGOREK
10                                 BETSY C. MANIFOLD
                                  RACHELE R. RICKERT

11
12                                 BETSY C. MANIFOLD

13                                 750 B Street, Suite 2770
                                  San Diego, CA 92101
14                                 Telephone: 619/239-4599
                                  Facsimile: 619/234-4599
15

16                                 LAW OFFICE OF JACOB T. FOGEL, PC
                                  JACOB T. FOGEL
17                                 32 Court Street, Suite # 602
                                  Brooklyn, New York 11201
18                                 Telephone: 718/221-5552
                                  Facsimile: 718/228-0278
19

20                                 Attorneys for Plaintiff

21
22    YAHOO:16890

23
24
25
26
27
28

NOT OF APPEAL OF PLAINTIFF CONGREGATION BETH AARON – Master File No. 5:08-CV-05438-RMW
                                                                          - 1 -

**EXHIBIT A**

COPY

E-FILED on ____06/15/09____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONGREGATION BETH AARON, DERIVATIVELY ON BEHALF OF YAHOO! INC.,<br><br>        Plaintiff,<br><br>     v.<br><br>JERRY YANG, RON BURKLE, ROBERT KOTICK, GARY WILSON, MAGGIE WILDEROTTER, ROY BOSTOCK, ERIC HIPPEAU, ARTHUR R. KERN, EDWARD KOZEL, and VYOMESH JOSHI,<br><br>        Defendants. | No. C-08-05438 RMW<br><br><br>JUDGMENT |

On June 15, 2009, the court entered its order dismissing this action. Therefore,

IT IS HEREBY ordered that plaintiff shall take nothing by way of its complaint and that judgment be entered in favor of all defendants.

DATED: _____06/15/09_____

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

JUDGMENT —No. C-08-05438 RMW
JAS

1  Notice of this document has been electronically sent to:

2  **Counsel for Plaintiff:**

3  Betsy Carol Manifold        manifold@whafh.com
   Francis M. Gregorek         gregorek@whafh.com
4  Rachele R. Rickert          rickert@whafh.com

5  **Counsel for Defendants:**

6  Robert Leo Dell Angelo      robert.dellangelo@mto.com
   Garrett J. Waltzer          gwaltzer@skadden.com
7  James Elliot Lyons          jlyons@skadden.com

8
   Counsel are responsible for distributing copies of this document to co-counsel that have not
9  registered for e-filing under the court's CM/ECF program.

10

11

12  Dated: _____06/15/09_____          _____JAS_____
                                            **Chambers of Judge Whyte**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**



1

2

3

4                                          E-FILED on   06/15/09

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   CONGREGATION BETH AARON,                No. C-08-05438 RMW
     DERIVATIVELY ON BEHALF OF YAHOO!
13   INC.,

14              Plaintiff,

15        v.                                 ORDER GRANTING MOTION TO DISMISS

16   JERRY YANG, RON BURKLE, ROBERT
     KOTICK, GARY WILSON, MAGGIE
17   WILDEROTTER, ROY BOSTOCK, ERIC          [Re Docket No. 21]
     HIPPEAU, ARTHUR R. KERN, EDWARD
18   KOZEL, and VYOMESH JOSHI,

19              Defendants.

20         Nominal defendant Yahoo! Inc. ("Yahoo!") moves to dismiss plaintiff Congregation Beth

21   Aaron's ("the Congregation") derivative action challenging the actions of Yahoo!'s board of directors

22   in responding to an acquisition proposal by Microsoft Corporation ("Microsoft") and in settling an

23   ensuing Delaware lawsuit. Yahoo! argues first that the present action was released in the Delaware

24   settlement and is here barred by *res judicata*. The Congregation opposes the motion, contending

25   that the claims here are beyond the scope of the release, and that *res judicata* does not apply. The

26   court has reviewed the papers and considered the arguments of counsel. For the following reasons,

27   the court grants defendants' motion to dismiss.

28

# I. BACKGROUND

Yahoo! is the world's second largest provider of internet services to users and businesses. Am. Compl. ¶ 17. The individual defendants Jerry Yang, Ron Burkle, Robert Kotick, Gary Wilson, Maggie Wilderotter, Roy Bostock, Eric Hippeau, Arthur R. Kern, Edward Kozel, and Vyomesh Joshi (collectively, the "Director Defendants") are all current or former Yahoo! directors. *Id.* ¶¶ 18-27.

## A.    The Microsoft Proposal

The events giving rise to the present action began on February 1, 2008 when Microsoft publicly announced that it had made a proposal for a business combination of Microsoft and Yahoo!. *Id.* ¶ 33. Under the proposal, Microsoft would acquire all outstanding shares of Yahoo! common stock at $31 per share, a 62% premium over the January 31, 2008 closing price. *Id.* ¶ 3. That same day, Yahoo! issued a press release stating that the board would "evaluate [the] proposal carefully . . . ." *Id.* ¶ 3. Yahoo! also held a regularly-scheduled meeting on February 1 with its compensation consultant, Compensia, counsel, and Yahoo!'s senior human resources executives. *Id.* ¶ 38. On February 12, 2008, the board approved two "Change in Control Severance Plans" which provided eligible employees who are terminated without "cause" or who voluntarily resign for "good reason" within two years of a change in control of Yahoo! with the following benefits: 1) continuance of the employee's salary and medical benefits for between four and twenty-four months, depending on the employee's job level; 2) reimbursement for outplacement services for twenty-four months following the employee's severance date; and 3) accelerated vesting of certain stock options. *Id.* ¶¶ 42-43. The plans also provided that they could not be amended or rescinded until thirty days after a "Potential Change of Control Event" (e.g., Microsoft's business combination offer) has been rescinded. *Id.* ¶ 44. According to the complaint, these plans could increase the cost of a Microsoft acquisition by between $2.1 and $2.4 billion. *Id.* ¶ 43.

Over the next several months of 2008, negotiations continued, with both Yahoo! and Microsoft stating that they were amenable to a deal in principle, but disagreeing as to the appropriate price. *Id.* ¶¶ 46-54. On May 5, 2008, news sources reported that Microsoft was "walking away from its $42 billion unsolicited bid" for Yahoo!. *Id.* ¶ 56. At the time, Microsoft's outstanding offer

United States District Court
For the Northern District of California

1    for Yahoo! was $33 per share, and the Yahoo! board was apparently unwilling to accept less than

2    $37. *Id.* ¶¶ 53-54.

3         **B.**     **The Google Partnership**

4       In April of 2008, Google and Yahoo! conducted a "two week trial" which showed that

5    Google's technology would generate more revenue for Yahoo! than Yahoo!'s own system. *Id.* ¶ 68.

6    Soon afterward, it was reported that the United States Department of Justice was investigating the

7    antitrust implications of the Google-Yahoo! test. *Id.* ¶ 69. Yahoo! and Google decided to pursue a

8    partnership in May of 2008, but agreed not to begin the partnership until September of 2008 so the

9    government would have a chance to review the deal. *Id.* ¶ 70. According to the complaint, the

10    Google-Yahoo! deal was meant to erect an insurmountable obstacle for Microsoft's bid for Yahoo!:

11    even if a Google-Yahoo! deal passed antitrust scrutiny, a Microsoft-Yahoo!-Google deal certainly

12    would not. *Id.* ¶ 72. In a May 4, 2008 letter formally withdrawing Microsoft's offer, Microsoft CEO

13    Steve Ballmer wrote to Yahoo! CEO Jerry Yang that the possible Google-Yahoo! deal was a

14    principal reason for Microsoft ending its bid. *Id.* ¶ 73.

15         **C.**     **The June Proxy Statement**

16       On June 9, 2008 Yahoo! filed a Definitive Proxy Statement with the Securities and Exchange

17    Commission pursuant to Section 14(a) of the Securities and Exchange Commission ("SEC") Act (the

18    "Exchange Act"). *Id.* ¶ 61. The complaint focuses on statements made in the proxy statement

19    regarding two proposals: 1) the reelection of Yahoo!'s board of directors; and 2) a stockholder

20    proposal entitled the "Pay-for-Superior-Performance Principle Proposal." In support of reelection of

21    the Yahoo! board, the proxy statement stated that the Change in Control Severance Plans were

22    designed to "help retain [Yahoo!] employees, maintain a stable work environment, and provide

23    certain economic benefits to the employees in the event their employment is actually or

24    constructively terminated in connection with a change in control of the Company." *Id.* ¶ 62. Yahoo!

25    also filed a supplemental statement on June 10, 2008 which included a series of questions and

26    answers relating to the severance plans. *Id.* ¶ 64. The questions and answers reinforced that the

27    plans were not meant to thwart a deal with Microsoft. *Id.* ¶ 64. The complaint alleges that these

28

United States District Court
For the Northern District of California

1  statements were false, and that the severance plans were, in fact, designed to interfere with

2  Microsoft's offer. *Id.* ¶ 65.

3       The June 9, 2008 proxy statement also included statements opposing the Pay-for-Superior-

4  Performance Stockholder proposal. *Id.* ¶ 85. The third stakeholder's proposal in the proxy statement

5  sought to establish an executive compensation plan that would pay in proportion to executive

6  performance. *Id.* ¶ 85. The stakeholder's proposal contended that the then-in-place compensation

7  scheme was above the peer group medium, and not based on performance criteria. *Id.* The Yahoo!

8  board recommended that the shareholders vote against the pay-for-performance proposal, arguing

9  that the board needed the flexibility, in consultation with its independent compensation consultant,

10 to remain competitive in setting compensation. *Id.* ¶ 86. According to the complaint, the statements

11 regarding the pay-for-performance proposal are misleading because neither Compensia (Yahoo!'s

12 compensation consulting firm) nor F.W. Cook & Co. (the board's independent compensation

13 advisor) had attended any relevant meeting of the board or rendered any opinion for the benefit of

14 the board. *Id.* ¶ 89.

15      **D.    The Consolidated Delaware Actions**

16      In February of 2008 three derivative shareholder's class actions were filed in Delaware

17 Chancery Court. *Id.* ¶¶ 91-93. On March 5, 2008, the Chancery Court ordered the three putative

18 class actions consolidated under the caption *In re Yahoo! Shareholders Litigation*, Cons. C.A. No.

19 3561-CC. *Id.* ¶ 95. On March 12, 2008, the court consolidated two additional class actions into *In*

20 *re Yahoo! Shareholders Litigation. Id.* The plaintiffs filed the final complaint in the Delaware

21 action, the revised Second Amended and Supplemental Consolidated Complaint ("Delaware SAC")

22 on November 21, 2008. Decl. Jonah Van Zandt In Support Of Req. for Jud. Notice ¶ 3 (hereinafter

23 "Van Zandt Decl.") (the Delaware SAC is attached as Ex. B). The Delaware SAC brings five

24 counts, each for breach of fiduciary duty against Yahoo!'s board of directors for their actions in

25 response to Microsoft's acquisition proposal. Delaware SAC ¶¶ 1, 180-200.

26      On December 18, 2008, the parties submitted a Stipulation of Settlement to the Chancery

27 Court. Am. Compl. ¶ 108. As part of the settlement, the plaintiffs would release all claims relating

28 to Microsoft's offer, and Yahoo! would make a number of changes to the Change in Control

1  Severance Plans. *Id.* ¶¶ 108-109. The Stipulation of Settlement and the notice distributed to the

2  class provide that the settlement shall release "any and all Settled Claims." Van Zandt Decl. Ex. C

3  at Exs. A, B (hereinafter "Stipulation of Settlement" and "Settlement Notice," respectively). Both

4  documents define "Settled Claims" to include:

> any and all claims . . . (i) that have been asserted in this Action by Plaintiffs, on
> behalf of themselves, the Class or Yahoo!, against any of the Released Parties, or (ii)
> that could have been asserted in any forum by Plaintiffs or any Class Member, on
> behalf of themselves, the Class or Yahoo!, against any of the Released Parties which
> arise out of, relate to, or are based upon alleged breaches of fiduciary duty to Yahoo!
> and its shareholders or other alleged violations of the law, including the federal
> securities laws or other federal, state, or local law, arising from or in connection with
> Defendants responses to Microsoft's proposal to acquire the Company, the Google
> Agreement or the proxy contest initiated by Carl Icahn, prior to the last day of the
> Class Period, including without limitation the matters alleged in the Second Amended
> Complaint and the Proposed Revised Second Amended Complaint . . . .

11  Settlement Notice ¶ 41. On December 19, 2008, the Delaware Chancery Court ordered that Yahoo!

12  mail the Settlement Notice to class members and publish it in *Investor's Business Daily* and over the

13  PR Newswire. Van Zandt Decl. Ex. D, ¶ 6 (hereinafter "Order for Notice of Hearing"). Plaintiff

14  does not contend that it never received the Settlement Notice, and it appears that information about

15  severance-plan changes were incorporated into plaintiff's amended complaint in this action.

16  *Compare* Settlement Notice ¶ 37 *with* Am. Compl. ¶ 109. Plaintiff did not object to the settlement.

17  *See* Pl.'s Opp. 15 ("Indeed, Plaintiff in this action had no reason to object to the Delaware Settlement

18  . . ."). On March 6, 2009, the Delaware Chancery Court issued an order and final judgment

19  approving the settlement, finding the settlement "fair, reasonable, and adequate and in the best

20  interest of the Class, Yahoo!, and its stockholders . . . ." Van Zandt Decl. Ex. F, ¶ 5 (hereinafter

21  "Delaware Judgment"). The Delaware judgment also barred plaintiffs, as provided for in the

22  stipulation of settlement, from pursuing any of the "Settled Claims" defined above. *Id.* ¶ 7.

23  **E.  The Present Action**

24  On December 3, 2008, plaintiff filed the instant action in this court, and filed its amended

25  complaint on February 20, 2009. In this action the Congregation contends that the individual

26  defendants' conduct in settling the Delaware lawsuits was a further breach of its fiduciary duty, and

27  that the false statements in Yahoo!'s proxy statement violated the federal securities law. Am.

28  Compl. ¶¶ 136-148. Defendants now move to dismiss the Congregation's complaint, arguing that

United States District Court
For the Northern District of California

1    the breach of fiduciary duty and securities-law claims are barred by the settlement release and by *res*
2    *judicata*.

3                                    **II. ANALYSIS**

4         **A.    The Legal Standard**

5         Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a
6    plaintiff's allegations fail to state a claim upon which relief can be granted. To survive a motion to
7    dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to
8    relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 2009 WL 1361536, *12 (2009). A
9    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
10   the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In deciding a
11   motion to dismiss, the court must accept as true all factual allegations, but not legal conclusions, in
12   the complaint. *Id.* at *13.

13        The amended complaint includes four claims, alleging: 1) violation of § 14(a) of the
14   Exchange Act for false or misleading statements in the June 9, 2009 Proxy Statement; 2) violation of
15   § 20(a) of the SEC Act for exercising power and influence to cause Yahoo! to engage in illegal
16   conduct; 3) the board's breach of fiduciary duty by further entrenching themselves through the
17   December 18, 2009 settlement; 4) corporate waste for the unjust enrichment the directors received at
18   Yahoo!'s expense. Am Compl. ¶¶ 136-148.

19        The Full Faith and Credit Act requires federal courts to give state court judgments the same
20   effect they would have in the state in which they were entered. *Migra v. Warren City School Dist.*
21   *Bd. of Educ.*, 465 U.S. 75, 81 (1984) (citing 28 U.S.C. § 1738). § 1738 does not allow federal courts
22   to "employ their own rules in determining the effect of state judgments." *Valley Nat. Bank of*
23   *Arizona v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir. 1997). That is, absent a partial repeal of
24   the Full Faith and Credit Act by another federal statute, a federal court *must* give a state judgment
25   the same effect that it would have in the courts of the state in which it was rendered. *Id.* The court
26   will therefore inquire whether, under Delaware law, the judgment of the Court of Chancery bars the
27   claims in the present complaint.

28

United States District Court
For the Northern District of California

1    Yahoo! contends that Delaware courts would find the complaint barred for two reasons.

2    First, because all asserted claims fall within the stipulation of settlement and final judgment's

3    release. Second, Yahoo! argues that, under the doctrine of *res judicata*, the Delaware court's

4    conclusion that the settlement was "fair, reasonable, and adequate, and in the best interests of the

5    Class, Yahoo! and its stockholders" binds this court, and bars the entrenchment claim. Because the

6    court concludes that below that the release bars all of plaintiff's claims, the court need not reach

7    defendants' argument that the complaint is barred by *res judicata*.

8    **B.    The Delaware Settlement Release**

9    Yahoo! contends that plaintiff's claims fall within the settlement's general release. Delaware

10   courts will enforce a general release of claims included in a class-action settlement. *Nottingham*

11   *Partners v. Trans-Lux Corp.*, 564 A.2d 1089, 1106 (Del. 1989). Indeed, claims may be released

12   even though the claim "was not presented and might not have been presentable in the class action."

13   *Id.* Before determining whether the individual claims fall within the release, the court first considers

14   two arguments the Congregation advances regarding the scope of the release.

15   Plaintiff first argues that the release should be limited to the claims brought by the plaintiff

16   class in the Delaware action. Plaintiff cites the case of *Adams v. Jankouskas*, 452 A.2d 148 (Del.

17   1982), in support of this argument. *Adams* held that, where a release is clear and unambiguous, it

18   should not lightly be set aside. 452 A.2d at 156. But if the release language is ambiguous, it must

19   be construed most strongly against the drafting party. *Id.* In *Adams*, the court found a release

20   ambiguous because it first recited specific subject matter, then followed that language with a general

21   release of all claims. *Id.* Therefore, the *Adams* court restricted the release to the specific recited

22   subject matter. *Id.* In this case, the court does not find the release ambiguous, and there does not

23   appear to be any conflict between specific and general language in the definition of "Settled

24   Claims." Although the release is grammatically complex, it clearly specifies two types of released

25   claims: those "that have been asserted in this Action by Plaintiffs," and those that "could have been

26   asserted in any forum by Plaintiffs" that arise out of specified subject matter. *See* Stipulation of

27   Settlement ¶¶ 1(q)(i), 1(q)(ii). This two-part structure explicitly expands the scope of the release

28   beyond the particular claims brought in the Delaware action. It is inconsistent with the language of

United States District Court
For the Northern District of California

1   the release to limit it, as plaintiff suggests, to "the specific claims brought by and purportedly

2   released by the Delaware plaintiffs." *See* Opp. to Mot. to Dismiss 8. The court will therefore

3   ascertain whether plaintiff's claims fall within the plain language of the settlement's general release.

4         Second, plaintiff argues that equitable principles weigh against the release of the federal

5   claims because the Delaware class did not permit plaintiff to opt-out. Plaintiff cites *National Super*

6   *Spuds, Inc. v. New York Mercantile Exch.*, 660 F.2d 9, 18 (2d Cir. 1981), for the proposition that,

7   "where a class member has no meaningful opportunity to opt[ ]out of a settlement which would

8   extinguish valid claims, a release of claims is limited to the pleadings upon which the settlement is

9   based." Opp. to Mot. to Dismiss 13. But *National Super Spuds* did not deal with a no-opt-out class.

10  Rather, the case held that a release in a class-action settlement cannot bind non-class members. 660

11  F.2d at 19. The language quoted by plaintiff refers to the fact that non-class members cannot opt out

12  of a class (nor, of course, opt in) and thus "have no meaningful opportunity to opt-out." *Id.* at 18.

13  The case does not, however, appear to stand for any more general principle of equity. Here, plaintiff

14  was a member of the Delaware class, and *National Super Spuds* is therefore not germane to their

15  case.

16        Furthermore, although the Delaware class did not permit members to opt out, plaintiff was

17  not without remedy: it could have objected. But plaintiff did not object; indeed, plaintiff now claims

18  that it "had no reason to object to the Delaware Settlement, as [p]laintiff had no reason to believe

19  that valuable federal law and unique entrenchment claims were being released." Opp. to Mot. to

20  Dismiss 15. However, plaintiff alleges in the complaint that defendants' settlement of shareholder

21  claims would "deprive [Yahoo!'s] shareholders of enhanced settlement value that negotiation could

22  provide." Am. Compl. ¶ 116. And the complaint states that "[d]efendants' settlement and further

23  entrenchment was wrongful, unfair, and harmful to Yahoo!'s public stockholders, and represents an

24  attempt by [d]efendants to aggrandize their own personal and financial positions and interest of

25  board members at the expense of, and to the detriment of, the stockholders and [Yahoo!]." *Id.* ¶ 120.

26  The complaint also states that defendants "ignored or did not protect against the numerous conflicts

27  of interest in connection with the settlement and its entrenchment effect." *Id.* ¶ 121. And finally,

28  both the notice to the class and the stipulation of settlement explicitly stated that federal securities

United States District Court
For the Northern District of California

law claims were included in the release. *Id.* ¶ 112. Given these allegations, it appears that plaintiff had compelling reasons to object to the Delaware Settlement if they considered the proposed settlement unfair.

### 1.   Plaintiff's Exchange Act Claims

As stated above, the Stipulation of Settlement and the Delaware Judgment include a general release of plaintiff's claims, including federal securities law claims, "arising from or in connection with Defendants responses to Microsoft's proposal to acquire the Company, the Google Agreement or the proxy contest initiated by Carl Icahn, prior to the last day of the Class Period, including without limitation the matters alleged in the Second Amended Complaint and the Proposed Revised Second Amended Complaint." Settlement Notice ¶ 41.

Plaintiff's claim for violation of § 14(a) of the Exchange Act challenges allegedly false and misleading statements made in the June 9, 2008 proxy statement regarding the Change in Control Severance Plans. The Delaware SAC, filed in the Delaware Court of Chancery on November 21, 2008, describes the severance plans in detail, and contends that they were designed to interfere with Microsoft's offer to purchase Yahoo!. *See* Delaware SAC ¶¶ 58-111. As the Delaware SAC states: "The Board's adoption of Yang's severance plans is both a standalone breach of fiduciary duty and is emblematic of the directors' general attitude towards the Microsoft merger proposal – ceding authority to interested director Yang to thwart Microsoft's integration objectives." *Id.* ¶ 111. The severance plans thus qualify under the release as a "response to Microsoft's proposal" and as a "matter alleged in the Second Amended Complaint."

The question, then, is whether the claim challenging the allegedly misleading statements in the June 9, 2008 proxy statement "arise from or in connection with" the severance plans themselves. The proxy statement, according to the complaint in this action, was a direct response to a stockholder proposal challenging the severance plans and seeking to revise them. Am. Compl. ¶¶ 61-67. The court concludes that the § 14(a) claim does arise from the severance plans, and is therefore encompassed by the release and subject to dismissal.

### 2.   Plaintiff's Breach of Fiduciary Duty Claims

United States District Court
For the Northern District of California

1       The Delaware SAC brings four claims for breach of fiduciary duty against current and past

2 directors of Yahoo! for their actions in responding to Microsoft's offer. Delaware SAC ¶¶ 180-200.

3 The instant suit includes many of the same allegations, but plaintiff does not appear to dispute that

4 the settlement release covers many of the alleged breaches of duty in the present complaint. Instead,

5 plaintiff appears to distinguish this case from the Delaware action in two ways. First, plaintiff

6 argues that they are here alleging that defendants breached their duty by settling the Delaware action

7 in a manner that was unfair and detrimental to Yahoo! and its shareholders. Opp. to Mot. to Dismiss

8 10 (citing Am. Compl. ¶¶ 144-145). And second, that the present complaint challenges a scheme or

9 course of conduct of entrenchment, while the Delaware action challenged specific acts. *Id.* That is,

10 as plaintiff states in its opposition, the "Delaware Settlement settled only claims relating to the

11 symptoms of entrenchment, but not the underlying disease, i.e., an ongoing plan by the Yahoo!

12 Board to entrench themselves in breach of their fiduciary duties to shareholders." *Id.*

13       As for the latter contention, the release applies not only to claims that were included in the

14 Delaware action, but to claims that arise out of the matters alleged in the Delaware SAC. Simply

15 because the complaint did not frame the breach of fiduciary duty claims as an ongoing course of

16 entrenchment does not place such a claim outside the release. In fact, the Delaware SAC pleads

17 many of the facts that form the basis for plaintiff's now-alleged "ongoing plan by the Yahoo! Board"

18 to entrench themselves. The court therefore concludes that a claim for an ongoing plan or scheme of

19 entrenchment is also within the scope of the Delaware Settlement's release.

20       Finally, plaintiff challenges the settlement of the Delaware lawsuit itself as constituting a

21 breach of fiduciary duty. It is true that such a claim, and some facts on which it is based, could not

22 have been included in the Delaware SAC. Nonetheless, the claim is still barred under the release if

23 it "arises from or in connection with" the events and matters provided for in the release. The court

24 concludes that it does. The Delaware SAC includes extensive allegations of a sustained course of

25 conduct by which, it claims, the individual defendants interfered with and attempted to derail

26 Microsoft's bid to purchase Yahoo!. According to the Delaware SAC, Microsoft had made overtures

27 to Yahoo! since mid-2006 in support of a "friendly transaction," including an acquisition proposal in

28 January of 2007. Delaware SAC ¶ 36. The Delaware SAC goes on to describe the approval of the

ORDER GRANTING MOTION TO DISMISS —No. C-08-05438 RMW<br>
JAS

10

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  Change in Control Severance Plans, the proposed deal with Google, the ultimate breakdown in

2  negotiations between Yahoo!'s board and Microsoft, and the proxy disputes that followed.  Delaware

3  SAC ¶¶ 36-179.  These allegations form the basis for the Delaware SAC's five claims for breach of

4  fiduciary duty by the defendants in the Delaware action.  The present complaint adds another act, the

5  settlement of the Delaware action, that is allegedly a further breach of fiduciary duty and an

6  entrenchment of the board.  As pleaded in the Delaware SAC and the complaint in this action, the

7  directors of Yahoo! undertook a year-long scheme of fiduciary breaches and entrenchment, at

8  Yahoo!'s expense, leading up to and concluding with the settlement of the Delaware action.  The

9  Congregation now argues that the entrenchment-by-settlement claim neither "arises from" nor

10  "arises in connection with" the Yahoo! board's response to Microsoft's bid or other matters in the

11  Delaware action.  Given the facts as alleged in the two complaints, the court concludes that it does

12  arise of those events.  The entrenchment-by-settlement claim is therefore barred by the release.

13  **3.   Plaintiff's Remaining Claims**

14  The amended complaint's second and fourth claims, for violation of § 20(a) of the Exchange

15  Act and corporate waste, respectively, appear derivative of the other claims for relief, and therefore

16  also fall within the Delaware settlement release.

17  Finally, because amendment would be futile, no leave to amend is given.

18  **III. ORDER**

19  For the reasons stated above, the court grants defendants' motion to dismiss all of the

20  Congregation's claims with prejudice.

21

22

23  DATED:   06/15/09

    *Ronald M Whyte*

    RONALD M. WHYTE
24  United States District Judge

25

26

27

28

ORDER GRANTING MOTION TO DISMISS —No. C-08-05438 RMW
JAS                                                11

United States District Court
For the Northern District of California

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**

3    Betsy Carol Manifold      manifold@whafh.com
      Francis M. Gregorek      gregorek@whafh.com

4    Rachele R. Rickert       rickert@whafh.com

5    **Counsel for Defendants:**

6    Robert Leo Dell Angelo    robert.dellangelo@mto.com
      Garrett J. Waltzer       gwaltzer@skadden.com

7    James Elliot Lyons       jlyons@skadden.com

8

9    Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

10

11

12    **Dated:** _____06/15/09_____          _____JAS_____
                                         **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1   FRANCIS M. GREGOREK (144785)
    gregorek@whafh.com
2   BETSY C. MANIFOLD (182450)
    manifold@whafh.com
3   RACHELE R. RICKERT (190634)
    rickert@whafh.com
4   WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLP
5   Symphony Towers
    750 B Street, Suite 2770
6   San Diego, CA 92101
    Telephone: 619/239-4599
7   Facsimile: 619/234-4599

8   LAW OFFICE OF JACOB T. FOGEL, PC
9   JACOB T. FOGEL (2827178)
    32 Court Street, Suite # 602
10   Brooklyn, New York 11201
    Telephone: 718/221-5552
11   Facsimile: 718/228-0278

12   Attorneys for Plaintiff

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

SAN JOSE DIVISION

16

17   CONGREGATION BETH AARON,   )   CASE NO. 5:08-CV-05438-RMW
    Derivatively on Behalf of Yahoo! Inc.,   )
18                               )   DERIVATIVE ACTION
                              )
19             Plaintiff,         )   **RULE 3-2 REPRESENTATION**
                              )   **STATEMENT**
20         v.                 )
                              )
21   JERRY YANG, RON BURKLE, ROBERT   )
    KOTICK, GARY WILSON, MAGGIE   )
22   WILDEROTTER, ROY BOSTOCK, ERIC   )
    HIPPEAU, ARTHUR R. KERN,   )
23   EDWARD KOZEL, and VYOMESH   )
    JOSHI                 )
24                               )
            Defendants,       )
25                               )
    YAHOO! INC.             )
26                               )
            Nominal Defendant.   )
27

28

1        Plaintiff in this action – CONGREGATION BETH AARON – is represented by the

2   following counsel:

3   FRANCIS M. GREGOREK          LAW OFFICE OF JACOB T. FOGEL, PC
    gregorek@whafh.com             JACOB T. FOGEL
4                                                                                   32 Court Street, Suite # 602
    BETSY C. MANIFOLD
5   manifold@whafh.com            Brooklyn, New York 11201
                                                                                    Telephone:  718/221-5552
    RACHELE R. RICKERT
6   rickert@whafh.com              Facsimile:  718/228-0278
7   WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLP
8   Symphony Towers
    750 B Street, Suite 2770
9   San Diego, CA 92101
10  Telephone: 619/239-4599
    Facsimile:  619/234-4599
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Defendants in this action – JERRY YANG, RON BURKLE, ROBERT KOTICK, GARY

2   WILSON, MAGGIE WILDEROTTER, ROY BOSTOCK, ERIC HIPPEAU, ARTHUR R. KERN,

3   EDWARD KOZEL, VYOMESH JOSHI and YAHOO! INC. – are represented by:

4   MUNGER, TOLLES & OLSON, LLP                SKADDEN ARPS SLATE
5   JOHN W. SPIEGEL                              MEAGHER & FLOM LLP
    John.Spiegel@mto.com                        GARRET J. WALTZER
6   ROBERT L. DELL ANGELO                       garrett.waltzer@skadden.com
    Robert.DellAngelo@mto.com                   525 University Avenue, Suite 1100
7   355 South Grand Avenue, 35th Floor          Palo Alto, CA 94301
8   Los Angeles, CA 90071                       Telephone:    650/470-4500
    Telephone:    213/683-9100                  Facsimile:    650/470-4570
9   Facsimile:    213/687-3702

10  **Counsel for Defendants Roy Bostock, Ron**     SKADDEN, ARPS, SLATE,
                                                     MEAGHER & FLOM LLP
11  **Burkle,  Eric  Hippeau,  Vyomesh  Joshi,**    JAMES ELLIOTT LYONS
    **Arthur Kern, Robert Kotick, Edward Kozel,**   james.lyons@skadden.com
12  **Terry S. Semel, Maggie Wilderotter, Gary**    Four Embarcadero Center, Suite 3800
    **Wilson and Jerry Yang**                       San Francisco , CA 94111
13                                                   Telephone:    415/984-6400
14                                                   Facsimile:    415-984-2698

15                                                   **Counsel for Nominal Defendant Yahoo! Inc.**

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: July ___, 2009

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT

BETSY C. MANIFOLD

750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

LAW OFFICE OF JACOB T. FOGEL, PC
JACOB T. FOGEL
32 Court Street, Suite # 602
Brooklyn, New York 11201
Telephone: 718/221-5552
Facsimile: 718/228-0278

Attorneys for Plaintiff

YAHOO:16889