**FILED**

**NOT FOR PUBLICATION**

OCT 21 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONGREGATION BETH AARON, DERIVATIVELY ON BEHALF OF YAHOO! INC., <br><br> Plaintiff/Appellant, <br><br> v. <br><br> JERRY YANG, RON BURKLE, ROBERT KOTICK, GARY WILSON, MAGGIE WILDEROTTER, ROY BOSTOCK, ERIC HIPPEAU, ARTHUR R. KERN, EDWARD KOZEL, AND VYOMESH JOSHI, <br><br> Defendants/Appellees <br><br> and <br><br> YAHOO! INC., <br><br> Nominal Defendant/Appellee | No. 09-16499 <br><br> D.C. No. 08-cv-05438-RMW <br><br> MEMORANDUM* <br><br>  |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 7, 2010
San Francisco, California

Before:     RYMER and N. R. SMITH, Circuit Judges, and LEIGHTON,[**]
            District Judge.

Plaintiff Congregation Beth Aaron ("CBA") appeals the District Court's dismissal with prejudice of its derivative state and federal claims. *Aaron v. Yang*, No. 08-cv-05438-RMW, 2009 WL 1689707 (N.D.Cal. June 15, 2009). CBA also appeals the District Court's denial of leave to amend its complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dismissals under Federal Rule of Civil Procedure 12(b)(6) are reviewed de novo. *McNamara-Blad v. Ass'n of Prof'l Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002). A complaint must include "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). A district court's decision whether to grant leave to amend a complaint is reviewed for abuse of discretion. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

In February 2008, Microsoft made an open bid for all outstanding shares of

---

[**]The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

2

Yahoo! Inc. The Yahoo! Board of Directors, comprised of the named defendant-appellees ("Director-Defendants"), rejected the offer and allegedly acted to thwart Microsoft's acquisition. These actions included adoption of two Change in Control Employee Severance Plans ("Severance Plans"). Multiple stockholder derivative lawsuits followed, including an action by plaintiff Congregation Beth Aaron (CBA) in District Court and a consolidated action by plaintiffs in the Delaware Court of Chancery. In March 2009, the Court of Chancery approved a Settlement Agreement that included a release of all claims related to the Director-Defendants' conduct opposing Microsoft's bid, with exceptions not relevant here.

The District Court held that CBA's claims against the Director-Defendants were barred by the Settlement Agreement and thus also barred under the Full Faith and Credit Act, 28 U.S.C. § 1738. The Full Faith and Credit Act requires federal courts to give state court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). The District Court therefore dismissed CBA's claims under Federal Rule of Civil Procedure 12(b)(6) with prejudice. On appeal, CBA asserts that its state law claim of

entrenchment[1] and federal law claims of violation of the Securities Exchange Act of 1934 fall outside the scope of the Settlement Agreement.

CBA first argues that the Director-Defendants' act of entering into the Settlement Agreement constituted an unlawful act of entrenchment, violating their "fiduciary duty to act in the best interests of the corporation's stockholders." *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946, 955 (Del. 1985). CBA asserts that this claim is not rooted in the Director-Defendants' conduct regarding the Microsoft bid, which is expressly encompassed by the Settlement Agreement. Paradoxically, CBA also asserts that the act of entering into the Settlement Agreement constitutes entrenchment because it protects the Director-Defendants from having to answer for their improper conduct regarding the Microsoft bid. This second assertion undermines the first; at its core, CBA's argument is that the Director-Defendants act of entering into the Settlement Agreement constitutes entrenchment because their alleged attempts to thwart Microsoft violated their fiduciary duties under *Unocal*. Because the Settlement Agreement released the Director-Defendants' from all claims arising from the Microsoft-related conduct,

---

[1] CBA raises two state law claims, entrenchment and corporate waste. CBA only makes an argument regarding entrenchment and does not dispute the District Court's characterization of the waste claim as derivative of the entrenchment claim. Thus, the waste claim fails if the entrenchment claim fails.

4

that conduct cannot serve as a foundation for an entrenchment claim. Nor can the act of entering into an agreement, without more, support an entrenchment claim, for that fact alone does not show that a Board is acting to entrench itself. Because CBA fails to assert facts sufficient to support a valid claim, the District Court properly dismissed CBA's state law claims.

CBA next argues that the Director-Defendants made false and misleading statements in a Proxy Statement issued in June 2009, before the Settlement Agreement but after Microsoft made its bid. In the Proxy Statement, the Director-Defendants endorsed the Severance Plans and opposed a stockholder's Pay for Performance Proposal that would have tied executive compensation more closely to company performance. The Proxy Statement asserted that the Board was making its recommendations under advisement of independent compensation consultants. CBA claims the Director-Defendants violated the Securities Exchange Act by misleading investors into falsely believing the independent consultants supported both of the Board's recommendations. Claims of Securities Exchange Act violations related to the Severance Plans are clearly encompassed by the Settlement Agreement. However, CBA argues the recommendations regarding the Severance Plans and the Pay for Performance Proposal, though similar in nature, are factually independent and the Pay for Performance recommendation has

5

nothing to do with conduct covered by the Settlement Agreement.

The District Court found that both recommendations are rooted in the Proxy Statement itself, which is encompassed by the Settlement Agreement. We agree. Because the Pay for Performance recommendation was part of the Proxy Statement and the Proxy Statement is encompassed by the Settlement Agreement, all claims arising out of the Proxy Statement are barred by the Settlement Agreement.

Finally, the District Court denied CBA leave to amend its complaint because the court viewed any attempt to cure the complaint's deficiencies to be futile. CBA highlights this court's strong policy favoring amendments of pleadings, *Bowles*, 198 F.3d at 757, but does not identify any plausible facts which could be alleged to save its claims. Because it is not clear what facts could be alleged to cure CBA's complaint deficiencies and CBA suggests none, the District Court did not abuse its discretion in denying leave to amend.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings
(December 2009)

### Judgment
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

### Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

### Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)
### Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)

(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

(2) **Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

(3) **Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

(4) **Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at under *Forms.*

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor);
    - and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs ...................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[         ] v. [         ]   9th Cir. No. [         ]

The Clerk is requested to tax the following costs against: [         ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* Costs per page may not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page.*

**Form 10. Bill of Costs -** *Continued*

I, _____, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____

("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

---

(To Be Completed by the Clerk)

Date _____     Costs are taxed in the amount of $ _____

Clerk of Court

By: _____, Deputy Clerk